IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 1:17-MJ-00066 |
| v. | |
| CARL SARA, | Hearing Date: March 14, 2017 |
| Defendant. | The Honorable Anthony J. Trenga |

**UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR REVOCATION OF DETENTION**

The United States respectfully opposes defendant's motion to revoke detention, and respectfully asks that the court continue detention of the defendant pending trial.

**BACKGROUND**

In September of 2014, Yahoo! Inc. ("Yahoo") was notified that a number of its user accounts were engaged in the sale of child exploitation materials. Yahoo conducted an investigation and determined that a number of its user accounts, operating from the Philippines, were distributing child pornography in exchange for payment. An examination of those user accounts, pursuant to a federal search warrant, revealed the defendant's Yahoo account as one interacting with at least one of the distributors of child pornography. As a result, an investigation of the defendant commenced.

The investigation revealed that the defendant would log on to chats using his Yahoo user name and engage in sexually explicit conversations with other individuals. Often, the defendant would ask the individuals if they had children. If the user had children, the defendant would often inquire as to whether it would be possible for him to travel to the Philippines in order to have sex with the minors. The investigation revealed that on at least one occasion, the defendant

1

made elaborate plans to travel to the Philippines for the purpose of engaging in sexual activity with children. Not only did the defendant make plans to travel to the Philippines to engage in sexual activity with minors, but a review of flight records and payments to a hotel in the Philippines reveals that he did travel to the Philippines.

In addition to traveling in order to engage in sexual activity with minors, the investigation revealed a pattern of the defendant soliciting child pornography in exchange for money on the internet. The defendant repeatedly asked for, and received, child pornography from users. Payments from the defendant to individuals in the Philippines on the dates that the child pornography was solicited or transferred confirms the exchange of child pornography for money.

As a result of the defendant's conduct, he was arrested on February 14, 2017. On February 17, 2017, a detention hearing was conducted in front of United States Magistrate Judge Theresa Buchanan. After argument from counsel for the defense and government, Judge Buchanan concluded that the defendant presents a danger to society and ordered that the defendant be detained pending trial. On March 6, 2017, the defendant filed the instant motion challenging Judge Buchanan's detention order.

## LEGAL STANDARD

"Pursuant to the Bail Reform Act, a judicial officer shall detain a defendant pending trial if [s]he finds by clear and convincing evidence 'that no condition of combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *United States v. Clark*, 865 F.2d 1433, 1436 (4th Cir. 1989) (quoting 18 U.S.C. § 3142(e), (f)).

Some offenses, however, are so serious that Congress has created a presumption that no combination of conditions for the defendant's release would reasonably assure the safety of the public or the appearance of the defendant. 18 U.S.C. § 3142(e)(3)(E). The offense that this

defendant is charged with, violation of Title 18, United States Code, Section 2422, is subject to that Congressionally mandated presumption. *Id.* In a presumption case, such as this, the burden is on the defendant to demonstrate that the presumption is unwarranted. *United States* v. *Dillon*, 938 F.2d 1412, 1416 (1st Cir. 1991). If the defendant successfully rebuts the presumption, the burden shifts to the government to show that detention is nonetheless warranted. *See United States* v. *Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986).

## ARGUMENT

### I. THE DEFENDANT HAS NOT REBUTTED THE PRESUMPTION FOR DETENTION

The defendant is charged with violating Title 18, United States Code, Section 2422. *See* Dkt. No. 1. As a result, this defendant is subject to a Congressionally mandated presumption that there exists no set of conditions of release that can assure the defendant's appearance at trial or the safety of the public. 18 U.S.C. § 3142(e)(3)(E). While the presumption is rebuttable, Judge Buchanan considered the defendant's evidence and arguments that release was appropriate, but concluded that the defendant was a danger to the community and should be detained pending trial.[1]

Judge Buchanan's holding is on firm legal footing. While the district court can review Judge Buchanan's decision *de novo*, district courts routinely deny motions to revoke detention orders when defendants are alleged to have enticed minors to participate in sexual conduct. *See United States* v. *Cutter*, 637 F.Supp.2d 348 (W.D.N.C. 2009) (rejecting an appeal from magistrate judge's order of detention pending trial where defendant was charged under 18 U.S.C.

---

[1] Judge Buchanan later issued an order of detention making clear that: (1) the defendant did not rebut the presumption, and (2) the government showed by clear and convincing evidence that detention is appropriate. *See* Dkt. No. 13.

3

2422); *United States* v. *Godfrey*, No. CR 14-50005, 2014 WL 1513917 (D. S.D. April 16, 2014) (same); *United States* v. *Bradley*, No. 4:09-CR-644 CAS, 2009 WL 4892234 (E.D. Mo. Dec. 10, 2009) (same); *United States* v. *Letellier*, No. 13-10309-GAO, 2016 WL 3350990 (D. Mass. June 15, 2016) (same). The reason is plain: the conduct involved in 18 U.S.C. § 2422 cases is often egregious, and provides a substantial basis on which to conclude that a defendant is a danger to the community – particularly children. *See United States* v. *Malenya*, 843 F.Supp.2d 16 (D.D.C. 2012) (holding that the "danger to the community which would be posed by Defendant's release cannot be gainsaid" where defendant attempted to have sex with a 14-year-old boy).

Despite the serious nature of the conduct involved in this case, the defendant, nonetheless, persists that release is warranted. The defendant argues that: (1) he has provided a character reference from a member of the community; (2) he has not fled during the pendency of the investigation; (3) there is no evidence that he has harmed his own child; (4) he has a suitable third party custodian. *See* Dkt. No. 14 ("Def. Mot.") at 4-5. None of these arguments is persuasive.

1. A character letter by a member of the community is not sufficient to overcome the presumption. *See United States* v. *Bradley-Bey*, No. 15-87, 2015 WL 7176273, at *2 (W.D. Penn. Nov. 13, 2015) (evidence presented by defendant, including character letters, was "insufficient to meet his burden to rebut the applicable presumption."). Simply put, this defendant's introduction of a single character letter is of minimal relevance in determining his suitability for release.

2. The defendant notes that he has been out of custody during the pendency of the investigation into his criminal conduct. *See* Def. Mot at 4. But as the defendant seems to concede, this fact is only relevant to risk of non-appearance, not danger to the community. *Id.*

4

("[the defendant] has been aware of this investigation for thirteen months, but has not attempted to flee"). As to danger to the community, a clean slate does not emerge once a defendant is made aware of an investigation. This defendant already committed a crime of violence against children[2] while he was free, and that fact should carry heavy weight in deciding whether release now is appropriate.

3. While it is true that the defendant had a minor child under his and his wife's care, *see* Def. Mot. at 4, it should be noted that there is no evidence that the defendant's wife was a part of his criminal scheme, and she was made aware of the nature of the offense so that she could take whatever steps she believed were necessary to protect her child. Further, the government is aware that additional steps were taken in order to protect the minor child, including a forensic interview which concluded that the child had not been harmed. While no evidence has emerged that this defendant has harmed his own child, significant evidence exists that he has harmed other children. The inquiry into whether the defendant is a danger to the community does not stop at his doorstep. For that reason, the lack of harm to his own child cannot be a basis to rebut the presumption.

4. Finally, the defendant argues that he has found a suitable third party custodian, his ex-wife. While a suitable third-party custodian is necessary for the defendant to be released, courts have held that the existence of such does rebut the presumption. *See, e.g.*, *United States* v. *Carlos*, 777 F.Supp. 858, 860-61 (D. Kan. 1991) (holding that presumption not rebutted even when third-party custodian has been identified).

---

[2] *United States* v. *Searcy*, 418 F.3d 1193 (11th Cir. 2005); *United States* v. *McDarrah*, 2007 WL 273799, at *1 (S.D.N.Y. Jan. 31, 2007) (noting that 18 U.S.C. § 2422(b) is defined as a crime of violence).

5

## II. EVEN ABSENT THE PRESUMPTION, DETENTION IS WARRANTED

Even if the presumption was rebutted, which it was not, it does not mean that the defendant is entitled to release. *United States* v. *Abad*, 350 F.3d 793, 797 (8th Cir. 2003). To the contrary, a rebutted presumption must still be considered by the Court along with additional factors to determine whether release is appropriate. *See United States* v. *Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986) (explaining that "a rebutted presumption is not erased," but is to be "weighed along with other evidence relevant to factors listed in § 3142(g)"). The other factors that courts consider include: "(1) the nature and circumstances of the offense charged; (2) the defendant's history and personal characteristics; (3) whether, at the time of the offense, the accused was on probation or parole; and (4) the nature and seriousness of the danger to any person or the community posed by the individual's release." *United States v. Williams*, 753 F.2d 329, 332 (4th Cir. 1985); 18 U.S.C. § 3142(g). Factors one and four weigh heavily in favor of continued detention.

### A. The Nature and Circumstances of the Offense Charged

The defendant traveled to the Philippines in August of 2013 in order to engage in sexual activity with minors, identified in affidavit supporting the criminal complaint as ▬▬ (8), ▬▬ (14), and ▬▬ (15).[3] On May 30, 2013, the defendant chatted with the minor victims' mother, identified as "Luz," about his plans to travel to see her and her children. Dkt. 2 ("Affidavit"), at ¶ 22 ("I plan to be with you on July 28 and you, ▬▬ and ▬▬ on the 29th"). The defendant does not leave much to the imagination as to what he plans to do while on his trip in the Philippines: "On the second day I want to fuck all three of you girls on the same

---

[3] The defendant acknowledged the ages of the victims at the time of the offense in a chat dated October 3, 2013. *See* Affidavit at ¶ 33.

6

day." *Id.* Nor does the defendant leave any doubt as to his motivations: "Luz, it is so exciting to fuck young girls, I am so glad we met." *Id.* For the youngest of the three minor girls, the defendant was willing to pay in order to have sex with her: "I will send you some money as a partial advance payment for the time with ▮ honey and your permission to let me fuck her." *Id.* And the defendant sent money on that day via Western Union to the Philippines. *Id.* at ¶ 23

These were not mere chats of fantasy. The defendant meticulously planned his trip to the Philippines, booked plane tickets, made hotel reservations, and traveled to the Philippines. For example, a file found on the defendant's computer seems to contain an itinerary listing the names, dates, and place for his encounters with the minor children:[4]

| Sunday | 8/11/2013 | Luz | Kalipayan Resort |
|---|---|---|---|
| Monday | 8/12/2013 | Luz, ▮ | Kalipayan Resort |
| Tuesday | 8/13/2013 | Luz and ▮ | Kalipayan Resort |

Records from Korean Air confirmed that the defendant took a flight from Dulles, Virginia to Manilla, Philippines on July 31, 2015 and returned to the United States on August 14, 2013. *Id.* at ¶ 28. And chats subsequent to the trip indicate that the defendant participated in sexual activity with minor children while he was in the Philippines. *Id.* at ¶¶ 33, 34 and 35. This conduct weighs heavily in favor of continued detention for this defendant.

## B. The Nature and Seriousness of the Danger to the Community

This defendant is a danger to children. He told Luz, as detailed above, that sex with young girls is exciting. *Id.* at 22. And in a chat with another individual on May 23, 2013, the defendant inquired about children: "please tell me about your kids, I love children," the defendant writes. *Id.* at ¶ 37. The person replies that she has a six-year-old child, identified in

---

[4] The table is a partial recreation of the table outlined in the Affidavit at ¶ 25.

7

the affidavit as ▇." *Id.* "I would love to meet ▇," the defendant responds, so that he can perform oral sex on her. *Id.* He then suggests that ▇ may be too small for intercourse at the moment, but that she may be the right size at age "10, 11, or 12." *Id.* The defendant then reconsiders and concludes he will have sex with the six-year-old girl, if they meet, anyway. *Id.*

To yet another user, the defendant again repeats the pattern of trying to facilitate a plan to have sex with young children. On June 17, 2013, the defendant is chatting with someone about child pornography, and the defendant makes clear his preference for young children: "Yes, honey, the younger the better!" the defendant exclaims. *Id.* at ¶ 41. The person that the defendant is chatting with explains that the ages of the children available are "8 and 13." *Id.* The defendant replies, "I would love [to] meet the 8 I will be there in 3 weeks,"[5] before requesting child pornography. *Id.*

These are just snippets of some of the defendant's conduct outlined in the affidavit. The defendant has repeatedly expressed his desire to have sex with young children. And there is significant evidence that he has traveled in order to engage in sexual activity with minors. His desire to have sex with young children makes him a danger to kids, and therefore, the community. As a result, the defendant should be detained pending trial.

## CONLCUSION

For the aforementioned reasons, the United States respectfully opposes defendant's motion for revocation of detention.

                                                  Dana J. Boente
                                                  United States Attorney

By:     /s/
        Nathaniel Smith

---

[5] Misspellings or grammatical errors in the original chat are replicated here.

8

Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA 22314
Phone: (703) 299-3936
Email: Nathaniel.Smith2@usdoj.gov

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on March 10, 2017, I filed the foregoing with the Clerk of Court using the CM/ECF system.

Date: March 10, 2017

                                          /s/
                              Nathaniel Smith
                              Assistant United States Attorney
                              United States Attorney's Office
                              2100 Jamieson Avenue
                              Alexandria, VA 22314
                              Tel: (703)299-3700
                              Fax: (703)299-3980
                              Email: Nathaniel.Smith2@usdoj.gov