IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 1:17-CR-54 |
| v. | |
| | Sentencing Date: December 8, 2017 |
| CARL SARA, | |
| Defendant. | The Honorable Anthony J. Trenga |

**UNITED STATES' SUR-REPLY TO DEFENDANT'S RESPONSE TO THE GOVERNMENT'S POSITION ON SENTENCING**

The United States respectfully submits this sur-reply to the defendant's response to the Government's position on sentencing.

**BACKGROUND**

The defendant is facing a potential life sentence tomorrow for his crimes against children. These crimes have been detailed in the criminal complaint (Dkt. No.1), in the Government's Opposition to Revocation (Dkt. No. 10), the Indictment (Dkt. No. 20), the Superseding Indictment (Dkt. No. 47), the Presentence Report (Dkt. No. 65) and the Government's Position on Sentencing (Dkt. No. 63). The Government will, therefore, dispense with a recitation of the offense conduct in this reply and focus solely on the arguments advanced by defense counsel in its most recent filing.

On December 12, 2017, the defendant filed a response to the government's position on sentencing that contained factual inaccuracies about earlier plea negotiations—to which current counsel was not a party—in an apparent attempt to persuade this court that a sentence of 15 years is appropriate in this case. *See* Dkt. No. 67 ("Defendant's Response"). The defendant relies chiefly on an earlier plea offer in June of 2017, which, if accepted, would have resulted in the parties

1

recommending a sentence of 15 years.  *Id.* at 1.   The defendant rejected that offer in early June. The defendant, through his current counsel, now mischaracterizes the nature of the circumstances as they existed then, and erroneously concludes that the only change that has occurred between June 2017 and September 2017, when the defendant pleaded guilty, was a change in counsel. Under the defendant's reasoning, if the government offered to recommend a 15-year sentence to the Court in June, it cannot now argue for a sentence of life.  The defendant's argument, however, fails to appreciate significant changes in the case; most significantly, a federal grand jury returned a superseding indictment charging the defendant with sex trafficking of a minor.

## **ARGUMENT**

### **THE GOVERNMENT OBTAINED A SUPERSEDING INDICTMENT ADDING TWO SERIOUS CHILD SEX TRAFFICKING CHARGES IN JULY**

The defendant implies that the only reason that the government is seeking a life sentence now is to punish the defendant for obtaining new counsel.  *See* Defendant's Response at 1 ("Somehow based on [the defendant's decision to obtain new counsel] alone, the government's sentencing position has changed from 15 years to life imprisonment.").  The defendant argues that if the court allows the government to "effectively . . . punish[] [the defendant] for exercising his Constitutional rights," it would chill future defendants from exercising their Constitutional rights. *Id.* at 3.  In so arguing, the defendant improperly casts aspersions on the government's motives. To be clear, the defendant's decision to obtain new counsel played no role in the government's determination that a Guidelines sentence of life imprisonment was appropriate in this case. Instead, what occurred was that the government's proof that the defendant had sex with a minor for money became stronger.

The government is required to charge the most serious *readily provable* offense.  On March 13, 2017, the Grand Jury returned a five-count indictment with the following charges: (1)

Attempted Sex Trafficking of Children; (2) Attempted Coercion and Enticement of a Minor; (3) Travel with Intent to Engage in Illicit Sexual Conduct; (4) Transportation of Child Pornography; and (5) Possession of Child Pornography.  *See* Dkt. No. 20.  The plea agreement extended to the defendant in June 2017 was based on this indictment, which then included the most serious readily provable offenses.  At that time, the government had not started to prepare witnesses, it had not been able to obtain certified documentation from foreign authorities (including birth certificates and passports for potential minor victims), and it was continuing to investigate the defendant's conduct and travel in the Philippines.

*After* the defendant rejected the plea agreement, it became clearer, from additional investigative work done by the FBI, that the government could likely prove beyond a reasonable doubt that the defendant engaged in commercial sex trafficking with a minor, Minor B.[1]  It was on that basis that the government then sought, and a grand jury returned, a superseding indictment on July 20, 2017.  *See* Dkt. No. 47.  The superseding indictment contained two new counts – Conspiracy to Commit Sex Trafficking and Sex Trafficking of Children.  *Compare* Dkt. No. 20 ("Indictment") with Dkt. No. 47 ("Superseding Indictment").  Thus, the defendant's repeated contentions that it was solely the defendant's decision to change counsel, *see* Dkt No. 67 at 1, or that "the only thing that changed" was that the government had to prepare for trial, *see id.* at 2, is demonstrably false.

The plea agreement before the Court and the plea agreement that the defendant signed on August 31, 2017, was offered only after the superseding indictment had been returned. The government refused to offer the defendant the same terms as in the initial agreement, not because

---

[1] To date, the defendant still refuses to accept responsibility for the sex trafficking of with Minor B despite significant evidence, including his statements, the statements of eyewitnesses, LM, the victim and Person D, and the findings of the Probation Office.  *See* Defendant's Response at 6 ("Mr. Sara denies they had sex.").

he changed counsel, but because the government could now, in its estimation, prove beyond a reasonable doubt that he had sex with a child.  The fact that the defendant omitted *any mention* of the superseding indictment in its latest response is disingenuous.

The court should dismiss the defendant's mischaracterization of plea negotiations to which current counsel was not a party because, as is evident by the record before the court, the nature and circumstances of the case changed significantly after the defendant rejected the government's first offer.  Instead, the court should focus on the actual plea agreement signed by the parties and accepted by the Court because it is that agreement that "constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel." Dkt. No. 55 (Plea Agreement) at ¶ 22.  That agreement places no restrictions on the government from seeking a life sentence for the defendant's serious criminal conduct, and the government submits that a life sentence is warranted in this case.

## **CONLCUSION**

For the aforementioned reasons, the United States respectfully requests that the court impose a sentence of life in this matter.

Dana J. Boente
United States Attorney

By:    _____/s/_____
Nathaniel Smith III
Assistant United States Attorney
James E. Burke IV
Special Assistant United States Attorney (LT)
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA 22314
Phone: (703) 299-3936
Email: Nathaniel.Smith2@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on December 7, 2017, I filed the foregoing with the Clerk of

Court using the CM/ECF system.


 Date: December 7, 2017

_____/s/_____
Nathaniel Smith
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Tel: (703)299-3700
Fax: (703)299-3980
Email: Nathaniel.Smith2@usdoj.gov
