**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | **Case No. 1:17-CR-54 (AJT)** |
| ) | |
| **CARL SARA,** ) | |
| ) | |
| **Defendant.** ) | |

**MR. CARL SARA'S RESPONSE TO THE GOVERNMENT'S
SUR-REPLY IN SUPPORT OF ITS POSITION ON SENTENCING**

Mr. Carl Sara, the defendant, respectfully submits this Response to the Government's Sur-Reply in Support of Its Position on Sentencing (Dkt. #69). Contrary to the government's Sur-Reply, Mr. Sara does not intend in his Response (Dkt. #67) to "cast[] aspersions on the government's motives" in escalating its recommended sentence from 15 years to life. Counsel for Mr. Sara does not believe that the government did so to retaliate against Mr. Sara for his change in counsel, and counsel has no basis to believe the government did so for any other improper motive.

The dispute, rather, is whether the changes that occurred between Mr. Sara's withdrawal of his plea on June 5 and his ultimate plea on September 6 so dramatically affect the analysis under the section 3553(a) factors as to justify so sharp an escalation. That is a question of judgment, and on that question, the government's Sur-Reply fails to support its position. What changed after June 5, the government says, was that it "could now, in its estimation, prove beyond a reasonable doubt that [Mr. Sara] had sex" with Minor B. Dkt. #69 at 4. The government does not say what the new evidence was that led it to that conclusion, but presumably it is the re-interview of Minor B, where she testifies for the first time that Mr. Sara

had sex with her. But that re-interview occurred on June 1, four days before Mr. Sara withdrew his plea. For at least those four days, the government was aware of this evidence yet did not withdraw its 15-year plea offer to Mr. Sara. To the contrary, it stood ready to recommend a 15-year sentence even in the light of that evidence. *See* Dkt. #66 Sealed Attachment 3 at 1 (noting "Date, Time, Duration: 6/01/17, 9:45 [AM]").

That evidence, therefore, is not a change in circumstance that occurred in the wake of Mr. Sara's change in counsel. What changed, as Mr. Sara argued in his Response, was that the government had to expend additional resources in preparation for trial. Mr. Sara suggests that the government's willingness to agree to a 15-year sentence then is evidence that a sentence well below the Guidelines range is reasonable now. For all of the reasons already stated by Mr. Sara, *see* Dkt. ## 64, 67, the sufficient, but not greater than necessary sentence in his case is ten years.

Respectfully submitted,

\_\_/s/_____
Jonathan S. Jeffress, VA Bar No. 42884
Christopher C. Muha, VA Bar No. 89751
KAISERDILLON PLLC
1401 K Street, NW, Suite 600
Washington, DC  20005
Telephone:   (202) 640-2850
Fax              (202) 280-1034
jjeffress@kaiserdillon.com
cmuha@kaiserdillon.com

December 7, 2017          *Counsel for Defendant Carl Sara*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Mr. Carl Sara's Response to the Government's Reply in Support of Its Position on Sentencing is being sent electronically, via the Court's ECF system, this 7th day of December, 2017, to:

James Burke, Esquire
Nathaniel Smith, Esquire
Jay Prabhu, Esquire
United States Attorney's Office
2100 Jameison Avenue
Alexandria, VA 22314
(703) 299-3700

                                                                             /s/
                                                 Christopher C. Muha