# SENTENCING

Date: **12/07/2017**  
Judge: **Trenga**  
Reporter: **R. Montgomery**  
Start: **10:10**  
End: **10:45**

**UNITED STATES of AMERICA**  
Case Number: **1:17-CR-00054-001**

V.

## CARL SARA

Counsel/Deft: **Christopher Muha/John Jefferson**   Counsel/Govt: **James Burke/Nathaniel Smith**  
Interpreter: **n/a**

Court adopts PSI (X) without exceptions ( ) with exceptions: **The govt. and def. have no other objections other than what they have briefed in their papers. The govt. finds that the guideline calculation is correctly calculated and requests a sentence of life and if the deft. is sentenced to years, that he be placed on a lifetime of supervised release. Def. argues and submits that a sentence of 10 years is appropriate. For all the reasons stated in open court and the factors set forth in 18 U.S.C. §3553, the court imposed a sentence of 168 months and a lifetime of supervised release. Consent Order of Forfeiture entered in open court. Parties are still in negotiation re: restitution. Restitution order will be filed at a later date.**

**SENTENCING GUIDELINES:**  
Offense Level: **43**  
Criminal History: **I**  
Imprisonment Range: **LIFE**  
Supervised Probation: ___ to ___ Years  
Supervised Release: **5** Years to **LIFE**  
Fine Range: $ **50,000** to **$250,000**  
Restitution $ **TBD**  
Special Assessment **$100**

Court departs from Guidelines pursuant to:

___ USSG 5H1.4  
___ USSG 5K1.1  
___ USSG 5K2.12  
___ USSG 5C1.2

**JUDGMENT OF THE COURT:**  
BOP for **168** months, with credit for time served.  
Supervised Release for **LIFE**, with special conditions.  
Supervised Probation for ___ months, with special conditions.  
Fine Imposed of $____ payable immediately.  
Restitution of $_____ payable immediately.  
Special Assessment **$100**  
(X) Fine/costs of incarceration waived.

**SPECIAL CONDITIONS:**

**SEE ATTACHED**

**RECOMMENDATIONS to BOP:**  
  **X**   Dft. to be designated to **a facility close to the Northern Va. area.**  
  ___   Dft. designated to facility to participate in ICC (Boot Camp) type program  
  **X**   Dft. to participate in sexual offender treatment and counseling.

Defendant: (X) Remanded   ( ) Cont'd on Bond   ( ) Referred to USPO   ( ) Self-surrender

# **SPECIAL CONDITIONS OF SUPERVISION - 17-CR-00054-001**
## **U.S. v. Carl Sara**

1. The defendant shall submit to penile plethysmograph testing or Abel assessment for sexual interest (AASI) as directed by the United States Probation Office as part of his sexual offender therapeutic treatment. The costs of the testing are to be paid by the defendant, as directed by the probation officer.

2. The defendant shall submit to polygraph testing as directed by the United States Probation Officer as part of the defendant's sex offender therapeutic program. The costs of the testing are to be paid by the defendant, as directed by the probation officer.

3. The defendant shall participate in a program approved by the United States Probation Office for mental health treatment, to include a psychosexual evaluation and sex offender treatment. The costs of these programs are to be paid by the defendant as directed by the probation officer. The defendant shall waive all rights of confidentiality regarding sex offender/mental health treatment to allow the release of information to the United States Probation Office and authorize communication between the probation officer and the treatment provider.

4. The defendant shall not utilize any sex-related adult telephone services, websites or electronic bulletin boards. The defendant shall submit any records requested by the probation officer to verify compliance with this condition including, but not limited to, credit card bills, telephone bills, and cable/satellite television bills.

5. The defendant shall not purchase, possess or view any sexually explicit material or images using young juvenile models under the age of 18 in any format including, but not limited to, in magazines, books, on the computer, or any electronic device, in videos, movies, and television.

6. The defendant shall have no contact with minors unless supervised by a competent, informed adult, approved in advance by the probation officer.

7. The defendant shall not engage in employment or volunteer services that allow him access to computers or minors.

8. Pursuant to the Adam Walsh Child Protection and Safety Act of 2006, the defendant shall register with the state sex offender registration agency in any state where the defendant resides, works, and attends school, according to federal and state law and as directed by the probation officer.

9. Pursuant to the Adam Walsh Child Protection and Safety Act of 2006, the defendant shall submit to a search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, by any law enforcement or probation officer with reasonable suspicion concerning unlawful conduct or a violation of a condition of supervision, upon prior notification to and approval by the court or with a warrant.

10. The defendant shall comply with the requirements of the computer monitoring program as administered by the probation office. The defendant shall consent to the installation of computer monitoring software on any computer to which the defendant has access. Installation shall be performed by the probation officer. The software may restrict and/or record any and all activity on the computer, including the capture of keystrokes, application information, internet use history, email correspondence, and chat conversations. A notice will be placed on the computer at the time of installation to warn others of the existence of the monitoring software. The defendant shall also notify others of the existence of the monitoring software. The defendant shall not remove, tamper with, reverse engineer, or in any way circumvent the software. The costs of the monitoring shall be paid by the defendant.

11. The defendant shall provide the probation officer access to any requested financial information.

12. If the Court orders restitution, the defendant shall pay restitution due and payable immediately. The remaining balance shall be paid in equal monthly payments of $100, to commence within 60 days of release, until paid in full.

13. As reflected in the presentence report, the defendant presents a low risk of future substance abuse and therefore, the Court suspends the mandatory condition for substance abuse testing as defined by 18 U.S.C. 3563(a)(5). However, this does not preclude the United States Probation Office from administering drug tests as they deem appropriate.